UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Key West Division
**Case Number: 18-10001-CR-MARTINEZ**

UNITED STATES OF AMERICA,

vs.

JARRED ALEXANDER GOLDMAN,

    Defendant.

_____/

COURT'S INSTRUCTIONS
TO THE JURY

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions, you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a defendant isn't evidence of guilt. The law presumes every defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. A defendant does not have to testify, and if the Defendant chose not to testify, you cannot consider that in any way while making your decision. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all <u>possible</u> doubt.  The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs.  If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

Case 4:18-cr-10001-JEM   Document 58   Entered on FLSD Docket 05/18/2018   Page 7 of 20
- 7 -

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

If the Government offers evidence that a Defendant made a statement or admission to someone after being arrested or detained, you must consider that evidence with caution and great care.

You must decide for yourself (1) whether the Defendant made the statement, and (2) if so, how much weight to give to it. To make these decisions, you must consider all the evidence about the statement – including the circumstances under which it was made.

- 9 -

The indictment charges 2 separate crimes, called "counts," against the Defendant. Each count has a number. You'll be given a copy of the indictment to refer to during your deliberations.

Count 1 charges that the Defendant knowingly and willfully conspired to steal an object of cultural heritage, that is, a seventeenth century gold bar, from the care, custody, and control of a museum, that is, the Mel Fisher Maritime Heritage Museum, in Key West, Florida, in violation of Title 18, United States Code, Section 668(b)(1).

Count 2 charges that the Defendant committed what is called a "substantive offense," specifically that the Defendant did knowingly steal an object of cultural heritage, that is, a seventeenth century gold bar, from the care, custody, and control of a museum, that is, the Mel Fisher Maritime Heritage Museum, in Key West, Florida, in violation of Title 18, United States Code, Sections 668(b)(1) and 2. I will explain the law governing the substantive offense in a moment.

But first note that the Defendant is not charged in Count 1 with committing a substantive offense – he is charged with <u>conspiring</u> to commit that offense. I will also give you specific instructions on conspiracy.

It's a separate Federal crime for anyone to conspire or agree with someone else to do something that would be another Federal crime if it was actually carried out.

A "conspiracy" is an agreement by two or more people to commit an unlawful act. In other words, it is a kind of "partnership" for criminal purposes. Every member of a conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement.

The Government does not have to prove that the members planned together all the details of the plan or the "overt acts" that the indictment charges would be carried out in an effort to commit the intended crime.

The heart of a conspiracy is the making of the unlawful plan itself followed by the commission of any overt act. The Government does not have to prove that the conspirators succeeded in carrying out the plan.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) two or more persons in some way agreed to try to accomplish a shared and unlawful plan;

  (2) the Defendant knew the unlawful purpose of the plan and willfully joined in it;

  (3) during the conspiracy, one of the conspirators knowingly engaged in at least one overt act as described in the indictment; and

  (4) the overt act was committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy.

An "overt act" is any transaction or event, even one that may be entirely innocent when viewed alone, that a conspirator commits to accomplish some object of the conspiracy

A person may be a conspirator without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan and willfully joined in the plan on at least one occasion, that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy. A person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

It is a Federal crime for any person to knowingly steal an object of cultural heritage from the care, custody, and control of a museum.

The Defendant can be found guilty of this crime only if the following facts are proved beyond a reasonable doubt:

(1) the Defendant stole an object of cultural heritage; and

(2) the object of cultural heritage was under the care, custody, or control of a museum.

An "object of cultural heritage" means an object that is either (A) over 100 years old and worth in excess of $5,000; or (B) worth at least $100,000.

A "museum" is an organized and permanent institution, the activities of which affect interstate or foreign commerce, that is situated in the United States, is established for an essentially educational or aesthetic purpose, has a professional staff, and owns, utilizes, and cares for tangible objects that are exhibited to the public on a regular schedule.

It's possible to prove the Defendant guilty of a crime even without evidence that the Defendant personally performed every act charged.

Ordinarily, any act a person can do may be done by directing another person, or "agent." Or it may be done by acting with or under the direction of others.

A Defendant "aids and abets" a person if the Defendant intentionally joins with the person to commit a crime.

A Defendant is criminally responsible for the acts of another person if the Defendant aids and abets the other person. A Defendant is also responsible if the Defendant willfully directs or authorizes the acts of an agent, employee, or other associate.

But finding that a Defendant is criminally responsible for the acts of another person requires proof that the Defendant intentionally associated with or participated in the crime – not just proof that the Defendant was simply present at the scene of a crime or knew about it.

In other words, you must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

- 14 -

You'll see that the indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the offense occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that her conduct may be violating.

Each count of the indictment charges a separate crime. You must consider each crime and the evidence relating to it separately. If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the Defendant is on trial <u>only</u> for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the Defendant is guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-10001-CR-MARTINEZ

18 U.S.C. § 371
18 U.S.C. § 668

UNITED STATES OF AMERICA

vs.

RICHARD STEVEN JOHNSON and
JARRED ALEXANDER GOLDMAN,

Defendants.
_____/

## INDICTMENT

The Grand Jury charges that:

### COUNT 1
### Conspiracy to Commit an Offense Against the United States
### (18 U.S.C. § 371)

On or about August 18, 2010, in Palm Beach and Monroe Counties, in the Southern District of Florida, and elsewhere, the defendants,

**RICHARD STEVEN JOHNSON and
JARRED ALEXANDER GOLDMAN,**

did knowingly and willfully combine, conspire, confederate, and agree with each other to commit an offense against the United States, that is, to knowingly steal an object of cultural heritage, that is, a seventeenth century gold bar, from the care, custody, and control of a museum, that is, the Mel Fisher Maritime Heritage Museum, in Key West, Florida, in violation of Title 18, United States Code, Section 668(b)(1).

## PURPOSE OF THE CONSPIRACY

It was the purpose of the conspiracy for **RICHARD STEVEN JOHNSON and JARRED ALEXANDER GOLDMAN** to unlawfully enrich themselves by stealing a valuable artifact from the Mel Fisher Maritime Heritage Museum.

## OVERT ACTS

In furtherance of the conspiracy and to achieve the purpose and object thereof, at least one of the co-conspirators committed or caused to be committed, in the Southern District of Florida, and elsewhere, at least one of the following overt acts, among others:

1. On or about August 18, 2010, **RICHARD STEVEN JOHNSON and JARRED ALEXANDER GOLDMAN** drove from West Palm Beach, Florida, to Key West, Florida.

2. On or about August 18, 2010, **RICHARD STEVEN JOHNSON and JARRED ALEXANDER GOLDMAN** entered the Mel Fisher Maritime Heritage Museum.

3. On or about August 18, 2010, at the Mel Fisher Maritime Heritage Museum, **JARRED ALEXANDER GOLDMAN** stood guard as a lookout to enable **RICHARD STEVEN JOHNSON** to steal a gold bar.

4. On or about August 18, 2010, **RICHARD STEVEN JOHNSON** removed a seventeenth century gold bar from its display case at the Mel Fisher Maritime Heritage Museum.

5. On or about August 18, 2010, **RICHARD STEVEN JOHNSON and JARRED ALEXANDER GOLDMAN** drove from Key West, Florida, to West Palm Beach, Florida.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2
### Theft of Major Artwork
### (18 U.S.C. § 668)

On or about August 18, 2010, in Monroe County, in the Southern District of Florida, and elsewhere, the defendants,

**RICHARD STEVEN JOHNSON and**

2

**JARRED ALEXANDER GOLDMAN,**

did knowingly steal an object of cultural heritage, that is, a seventeenth century gold bar, from the care, custody, and control of a museum, that is, the Mel Fisher Maritime Heritage Museum, in Key West, Florida, in violation of Title 18, United States Code, Sections 668(b)(1) and 2.